MAYOR AND BOARD OF SELECTMEN OF THE CITY OF BATON ROUGE *v.* G.
W. DEARING.

The statute of 1856, conferring judicial functions upon the Mayor of Baton Rouge, is not unconstitutional.

APPEAL from the Mayor's Court of the City of Baton Rouge, *Elam, J.*

J. W. *Burgess*, for plaintiffs.   F. R. *Brunot*, for defendant and appellant.

VOORHIES, J.   This is an appeal from the Mayor's Court of the town of Baton Rouge.   The only question submitted to our consideration is, whether or not the statute giving judicial functions to the Mayor be constitutional.

If this statute were tested under the provisions of the Constitution of 1845, the decision in the case of *Lafon* v. *Dufrocq et als.*, 9 An. 350, would be conclusive upon this question; and we would not hesitate to declare the Act unconstitutional.   But there is a wide difference between the Constitutions of 1845 and of 1852, in the organization of the Judiciary.   The former vested the judicial power in *a Supreme Court, in District Courts and in Justices of the Peace;* whilst the latter provides that, " The Judiciary Power shall be vested in a Supreme Court, *in such inferior courts as the Legislature may, from time to time, order and establish,* and in Justices of the Peace."   (Const. 1845, Art. 62 ; Const. 1852, Art. 61.)

There are, therefore, two classes of Judges or Courts,—those created by the organic law itself, to-wit, the Supreme Court and Justices of the Peace,—and those created by the Legislature, under the express sanction of the Constitution, to-wit, District and other inferior courts.

The Legislature has the undoubted right to create a Mayor's Court for the town of Baton Rouge, and, as a consequence, to give it such jurisdiction as is deemed proper, so as, however, not to contravene any provision in the fundamental law.

The 82d Article of the Constitution makes it the duty of the Legislature to fix the time for holding elections for all Judges at a time which shall be different from that fixed for all other elections.   The meaning of this is not, that all Judges shall be elected on the same day ; but simply, that the Judges' election shall not come off on the day of general elections.

In this respect, the statute of 1856 complies with the constitutional injunction : the Mayor's election takes place on the second Monday of April of each year. (Act of 1856, to provide for the government of the City of Baton Rouge, and the administration of the affairs thereof, p. 90.)

It must be remarked in this connection, that the District Judges are elected on the first Monday of April, 1857, and every four years thereafter ; whilst Justices of the Peace are elected in the city of New Orleans *at every general election for Clerks of the District Courts,* and in the State at large, *on the first Monday of November,* 1855, *and every two years thereafter.*   By a special legislation for the parish of St. Martin, Justices of the Peace are elected on the same day as District Judges,—that is, at every other election.   (Acts 1855, pp. 479, 497, 27, 315, 491 ; Acts 1857, p. 24.)

The Mayor of the town of Baton Rouge is a Judge, whose election takes place on a day apart from the general elections.   His court is created by the Legisla-

ture under the provisions of Article 61 of the Constitution. The statute in question is therefore constitutional.

The other question raised as to the constitutional requirement of uniformity in taxation, does not come up properly in the present case. The contribution imposed upon the defendant, as one of the property owners of the town of Baton Rouge, to repair the side-walks, is not a tax. See the case of *Lafayette* v. *Orphan Asylum*, 4 An. 2; *Yeatman* v. *Crandell*, 11 An. 220.

It is, therefore, ordered and decreed, that the appeal be dismissed, at defendant's costs.

BUCHANAN, J., took no part in this decision, having dissented in *Yeatman* v. *Crandell*.